STATE OF IOWA v. CERTAIN INTOXICATING LIQUORS AND JOHN FAIRGRAVES, Appellant.

LIQUOR SEIZURE. Inquiry is held to have been limited to time of seizure.

*Appeal from Boone District Court.*—HON. N. B. HYATT, Judge.

MONDAY, OCTOBER 22, 1894.

PROCEEDING, under the statute to condemn certain liquors known as "Jackson's Health Beer" as intoxicating liquors kept for unlawful sale. On the trial in the district court on appeal the jury found specially that said liquors were kept for sale in the county at the time they were seized; that they contained alcohol, and were intoxicating liquors, as defined in the instructions. Defendant's motion for a new trial was overruled, and judgment entered condemning said liquors, and ordering their destruction; also adjudging that defendant Fairgraves pay costs. Defendant Fairgraves appeals.—*Affirmed.*

*S. R. Dyer* for appellant.

*J. R. Whitaker* for the state.

GIVEN, J.—I. Appellant presents a number of assignments of error, of which only the following are insisted upon in argument, and are, therefore, the only ones requiring consideration: He complains that the court did not require the jury to find specially whether said liquors contained alcohol in any degree at the time they were owned and kept for sale by the defendant, or at the time the same were seized. He also complains that the court did not, in the instructions, limit the inquiry of the jury as to whether said liquors were intoxicating to the time they were kept for sale nor to the time of the seizure. The charge was made on February 17, 1893, that appellant then owned and kept intoxicating liquors for illegal sale in the county, at a place described. Search was made on the same day, and the liquors in question then seized. The date of the seizure was specially stated in the instructions, and the jury was told that the defendant denied that said liquors were kept for sale, or that they were intoxicating. We think, taking the special findings and the instructions together, the jury must have understood that their inquiry was limited to the time of the seizure; that to find for the plaintiff they must find that the liquors were kept for illegal sale, and were intoxicating at the time they were seized. Appellant seems to have so understood them, as he did not ask that anything more explicit than those given be submitted to the jury. Appellant assigns as error that the court refused to stay the order condemning and destroying the liquors pending an

appeal. As this assignment is simply mentioned in the argument, without anything being said in its support, we understand that it and those not mentioned are not insisted upon. Our conclusion is that the judgment of the district court should be AFFIRMED.